IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1888.

| 66 | 1 |
| 73 | 346 |

T. H. FREEMAN ET AL. *v.* BOARD SUPERVISORS LEE COUNTY.

1. BOARDS OF SUPERVISORS. *Authority to sue.*
   Boards of supervisors can sue only in regard to matters in which the county is interested (Code 1880, § 2175). They cannot sue in reference to matters which concern only a portion of the county.

2. PART OF COUNTY INTERESTED. *Board cannot sue.*
   Under the act March 5, 1878, entitled "an act to prevent stock from roaming at large in certain counties" (Laws, 1878, p. 305), the boards of supervisors are not the proper parties to bring a suit to enjoin the fence commissioners against improperly locating and constructing a fence around a township. This is a matter in which only a part of the county is interested.

3. BOND OF COMMISSIONERS. *Remedy of injured person.*
   The bond required of the commissioners by section 4 of said act is the security provided by law for any person having cause to complain of their acts.

APPEAL from the chancery court of Lee county.

HON. BAXTER McFARLAND, Chancellor.

This was an injunction suit brought by the board of supervisors of Lee county against the fence commissioners appointed under the act approved March 5, 1878 (see Acts 1878, p. 305). The object of the injunction was to prevent the commissioners from wrongly locating and constructing a fence, which they were causing to be constructed outside of the township line.

66 MISS.—1

1

Upon final hearing the court dissolved the injunction, holding that the matter was not one in which the county was interested, and that the board of supervisors had no power to institute the suit. But the court disallowed the claim of the commissioners for damages, their attorney's fee, against the complainant on its injunction bond, and from this action the commissioners appealed, and the board of supervisors prosecute a cross-appeal.

*Clayton & Anderson,* for appellants and cross-appellee.

Boards of supervisors can sue only in reference to matters in which the whole county is interested. Code, § 2175. The acts of the commissioners concerned only one township—a portion of the county.

The county is liable for the actual damages upon the injunction bond. The board has power to sue, and in exercising this right it assumes, just as an individual does, the risk of costs and damages. *State* v. *Fortinberry,* 54 Miss. 316 ; *Dooley* v. *Kansas City,* 6 Am. & Eng. Corp. Cas. 76.

*J. L. Finley,* for appellee and cross-appellants.

The acts of 1878 certainly confers upon the board of supervisors jurisdiction over the commissioners. The act of 1888, amending the original act, requires the commissioners to report to the board. They were created by the board, and can be restrained by it. There is no pretence that their act was not illegal, and contrary to the order of the board.

The acts of the commissioners concerned the whole county, as much so as the building of a bridge in one corner of the county, both being chiefly for the benefit of a locality, but concerning the whole county.

ARNOLD, C. J., delivered the opinion of the court.

It is only in regard to matters in which the county is interested that boards of supervisors may sue. Code, § 2175. The county was not interested in the subject-matter of this litigation. It concerned only that part of the people of the county who were interested in the fence, and affected by the proceedings to construct the fence, under the act of 1878. The bond required of the commis-

sioners appointed to construct the fence is the security provided by the act, for any person interested, who may have cause to complain of the acts and doings of the commissioners.

There was no error in dissolving the injunction and dismissing the bill, but as a county is entitled, under sec. 897 of the code to all the actions and remedies to which individuals are entitled, it cannot escape liability for costs and damages which it has caused by the wrongful suing out of an injunction.   The actual damages claimed by the commissioners, and which are admitted to be reasonable, should have been allowed.   *The State* v. *Fortinberry*, 54 Miss. 316 ; *Baggett* v. *Beard*, 43 Ib. 120.

*On the appeal, the decree is reversed, and decree here for appellants, Freeman & Davis, for the damages claimed, fifty-five dollars. On the cross-appeal the decree is affirmed.*