STATE EX REL. BROWN, LAND COMMISSIONER, *v.* POPLAR-
VILLE SAWMILL CO. ET AL.

[81 South. 124, Division B.]

1. STATE. *Employment of attorney. Compensation.*

Neither the land commissioner nor the Governor has been given
power by statute to allow any attorney any *per centum* of the
state's property or recoveries on sale thereof a fee in bringing
suit.

2. STATE. *Contracts. Employment of attorneys. Compensation.*

The statute, Code of 1906, section 2903, giving the land commis-
sioner power to employ counsel with the consent of the Gov-
ernor, does not carry with it the right to fix his compensation.
This statute is to be construed in connection with the policy
of the state in giving the Governor power to employ assistant
attorneys, subject to the action of the legislature to allow com-
pensation as in the judgment of the legislature may be fair
and just.

3. STATE. *Contracts. Land commissioner. Employment of attorney.*

When the land commissioner employed attorneys under Code
1906, section 2903, (Hemingway's Code, section 5238), under a
contract providing that such attorneys should receive twenty-
five *per centum* of the recovery, such a provision was unlawful
and unauthorized and being a vital part of the contract, ren-
dered the whole contract void.

4. STATE. *Employment of attorney.*

The land commissioner must retain control over his litigation, and
his right to control it cannot be contracted away.

5. OFFICERS. *Discretion. Delegation of discretion.*

Whatever may be the rule governing the relation between the at-
torney and client, when the parties are acting in their personal
capacity, it is clear that officers must be controlled by the law
in making their contracts, and that officers cannot delegate
their discretion unless expressly authorized to do so by statute.

6. LAND COMMISSIONER. *Contracts with attorneys.*

The land commissioner cannot be bound by a blanket contract
with an attorney, the facts and particulars constituting the
cause of action should be brought to his attention before the
suit is instituted.

7. APPEAL AND ERROR. *Orders appealable. Final judgment.*
   A nonsuit without prejudice is not a final judgment from which
   an appeal will lie to the supreme court.

8. SAME.
   Appeals are regulated by statute and only lie in cases provided by
   statute.

APPEAL from the chancery court of Pearl River county.
HON. D. M. Russell, Chancellor.

On motion to re-instate appeal. For former opinion
see 80 So. 647.

The appeal in this case was dismissed on a former
day of this court, and motion is now made to reinstate,
and it is insisted that the attorney instituting the suit
had the right to appeal regardless of the direction of
the land commissioner to have the cause nonsuited, from
which judgment of nonsuit the appeal is attempted to
be prosecuted. It appears from the record that on the
11th day of January, 1918, an instrument of writing was
signed by M. A. Brown, land commissioner, and ap-
proved by the Governor, attempting to employ one W. A.
Shipman, an attorney at law, to institute suits for the
land commissioner for a compensation of twenty-five
per cent. of the moneys. recovered and of sale of land
recovered under such suits. The writing referred to
reads as follows:

"Contract with W. A. Shipman.

"Whereas, information has come to the knowledge of
the undersigned land commissioner of the state of
Mississippi, that large tracts of land lying and being
situated in the counties of Marion, Lamar, Pearl
River, Hancock, Lawrence and Simpson were illegally
sought to be conveyed by patents to sundry individuals
by the former officials of the state aforesaid, and which
said patents purport to be under and by authority of
the Acts of the legislature of said state, of March 12,
1852, and February, 1877, but that it now appears said
patents do not conform to the requirements of said

119 Miss.—28.

statutes in many material and substantial particulars, wherefore, it further appears that the title of the state of Mississippi in and to said lands has never been divested: Now, therefore, by virtue of the authority vested in me by section 2903 of the Code of Mississippi of 1906, and the statutes relating thereto, by and with the consent of the Governor of said state of Mississippi, I, the undersigned land commissioner of said state, do hereby contract with and appoint W. A. Shipman, an attorney at law, to prosecute suits in the name of the state, for the recovery of any and all such lands as he may find in the said counties, or any of them, in the situation hereinabove mentioned, and out of such recovery or recoveries it is understood and agreed that the said W. A. Shipman, attorney at law, shall receive for his compensation twenty-five per cent. (25%) of the selling price by the state of all of said lands recovered, said amount to be paid upon sale of lands by the state, or funds recovered as damages or in settlement of said claims of the state to said lands. It is understood and agreed that no compromise affecting said lands shall be made without the consent and approval of the land commissioner and Governor.

"Witness my hand this the 11th day of January, 1918, and my official seal hereto affixed.

"[Signed] M. A. Brown, Land Commissioner.

"The above contract examined and approved by the Governor, this the 11th day of January, 1918.

"[Signed] Theo. G. Bilbo, Governor.

"Attest:

"Jos. W. Power, Secretary of State."

(Seal affixed.)

"I hereby accept the above employment and agree to give my time and attention to the carrying out of the purposes set out therein.

"Witness my signature, this the 17th day of January, 1918.

"[Signed] W. A. Shipman."

After this agreement was signed, and on the next day thereafter, M. A. Brown, land commissioner, addressed the following letter to Mr. W. A. Shipman: .

"Mississippi Land Office.

"M. A. Brown, Commissioner.

"Thos. J. Brown, Deputy Commissioner.

"Jackson, Miss., Jan. 12, 1918.

"Mr. W. A. Shipman, Poplarville, Mississippi —Dear Sir: I note in the contract signed by you and myself with Mr. W. A. Shipman, relative to certain suits to be brought for the recovery of some state lands, that it is stated that, 'The said W. A. Shipman, attorney, as aforesaid, shall receive for his compensation twenty-five per cent. of the selling price by the state of all of said lands recovered, said amount to be paid upon sale of said lands by the state, or funds recovered as damages, or in settlement of said claims of the state to said lands.'

"This clause escaped my attention at the time the contract was submitted to me, but upon seeing it in reading the contract over and recalling an opinion from the Honorable Frank Johnston, then assistant attorney-general, I am of the opinion that neither the land commissioner nor Governor can make such a contract providing for the payment of attorney's fees from the sale of the lands recovered, or from the funds of such sales. I think that the only way which a contract can be validly made is to specify a compensation subject to legislative approval and appropriation.

"I am sending Mr. Shipman a copy of this letter that no misunderstanding may arise and that he may be advised of his rights under the contract before he enters into the service.

"Mr. Shipman is therefore requested to return the contract for revision in accordance with law, or otherwise the contract will be considered null and void.

"Very truly yours,

"[Signed] M. A. Brown."

Thereafter this suit was filed in the name of the state of Mississippi, on the relation of the land commissioner, against various defendants, and involving a claim to a large body of land situated in Pearl River county, Miss., and an injunction was issued to restrain the turpentining of the timber and the sale and removal of timber during the pendency of this suit. The bill was answered, and in the progress of preparing for the suit, securing evidence, etc., one of the attorneys for the defendants came to Jackson to secure certain certificates from the land office for use in said suits, and was there informed by the land commissioner that he had no knowledge of any such suits pending, and that he had not authorized the bringing of the suits against these defendants and for the lands embraced in these suits. Thereupon the defendants filed a motion to dismiss the suits, stating that, since their answer had been filed and a motion made to dissolve the injction the defendants had discovered that this suit was not instituted by the land commissioner as represented in the bill, and was not instituted by the land commissioner, the attorney-general, or district attorney, nor any attorney authorized to bring said suit. The land commissioner gave to the defendants two letters addressed ''To Whom It may Concern,'' one dated July 31, 1918, reading as follows:

''Mississippi Land Office.

''M. A. Brown, Commissioner.

''Thos. J. Brown, Deputy Commissioner.

''Jackson, Miss., July 31, 1918.

''To Whom It may Concern:

''This is to certify that the communication by me addressed as above and dated July 30, 1918, with reference to a suit filed in my name, as land commissioner, against Vizard et al. applies likewise to any and all other suits brought by Mr. W. A. Shipman or in which he appears as counsel in the alleged behalf of the state of Mississippi and any and all such suits are un-

authorized by me, and the court is requested to enter nonsuit in all such cases.

   "Very truly,
" [Seal]                     [Signed] M. A. Brown,
                              "Land Commissioner."
   And one dated July 30th, reading as follows:
                                   "July 30, 1918.
"To Whom It may Concern:

   "Upon request for a statement from me as land commissioner of the State of Mississippi, as to the authority of Mr. W. A. Shipman and E. B. Williams to institute suits in my name as land commissioner, I beg to state that some time about the 12th of January, 1918, I inadvertently signed a contract authorizing the said Mr. Shipman to bring suits in my name to certain swamp lands in Mississippi. This contract was left with Governor Bilbo, Governor of the state of Mississippi. After thinking the matter over and questioning my authority to make such a contract, I went to the Governor's office and re-read the contract, and upon reading the same and remembering the advice of the late attorney-general, Frank Johnson (and after consulting the present attorney-general), I found I. had no right to make such a contract, so I decided the contract I had signed was void and wrote Mr. Shipman without he should return the contract to me for revision according to law, the contract by me was null and void, and it being never returned, I considered and have considered ever since that he had no right or authority to bring suits in my name for the recovery of any lands. I am advised to-day for the first time, that there is a suit filed by Mr. W. A. Shipman and E. B. Williams in the chancery court of Pearl River county in the name of the *State of Mississippi, on the relation of M. A. Brown, Land Commissioner, Complainant,* v. *Poplarville Sawmill, J. D. Chason, D. D. Durham, Mrs. Estelle H. Durham, Anthony Vizard, Cora Vizard Finney, Henel*

*Vizard Barker, and A. Vizard Jr., Defendants, t*o re-
cover certain lands described in said bill and as Mr.
Shipman and Mr. Williams had and have no authority to
bring or prosecute any suit in my name, I therefore
disapprove their action in the matter.

"I append hereto a copy of the letter written by me
and mailed to W. A. Shipman on January 12, 1918, and
I considered since the date of said letter that the con-
tract that I in error signed was abrogated by that letter.

"Very respectfully,

"[Signed] M. A. Brown, Land Com'r of the state of
Mississippi."

On August 1, 1918, the land commissioner sent a copy
of the foregoing letters to H. K. Rouse, chancery clerk,
with the following letter:

"Mississippi Land Office.

"M. A. Brown, Commissioner.

"Thomas J. Brown, Deputy Commissioner.

"Jackson, Miss., Aug. 1, 1918.

"Honorable H. K. Rouse, Chancery Clerk, Poplarville,
Mississippi—Dear Sir:   Please file the within docu-
ments in the case of the State of Mississippi, on re-
lation of M. A. Brown, Land Commissioner, versus
Poplarville Sawmill Co. et al., Defendants, and have en-
tered nonsuit in all such cases.

"Respectfully yours,

"[Signed] M. A. Brown, Land Commissioner.

"Note.—The seal of the land office is not impressed
on this letter.                              Clerk."

The attorneys Shipman and Williams his partner,
offered in evidence an affidavit signed by the Governor,
stating that the contract, above set out, with Shipman
was approved by him, and that the parties understood
the full contents when it was signed.   The affidavit,
being *ex parte*, was objected to, and excluded from evi-
dence.   Mr. Shipman and Mr. Williams both testified
to conversations with the land commissioner subsequent

to the correspondence of January 11th and 12th, in which they stated that they agreed to continue the litigation subject to the legislature paying a compensation, and that Mr. Brown, the land commissioner, stated that he wanted the suits brought, but that he did not want to do anything that would involve him, and that he did not think that he had any right to make a contract allowing a percentage of the amount recovered.

Mr. Williams, one of the attorneys, testified that he told Mr. Brown, the land commissioner, of the suit instituted against the Poplarville Sawmill Company, and both attorneys testified that Mr. Brown had knowledge of this suit prior to the writing of the letters of July 30th and 31st. The chancellor dismissed the bill without prejudice to the bringing of a new suit.

*W. A. Shipman* and *E. B. Williams,* for appellant.

*White & Ford,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

(After stating the facts as above). It is the contention of the attorneys who signed the petition for appeal with their own names that they had authority to bring the suit and to control the litigation, and that the chancellor erred in non-suiting the state at the request of the land commissioner. They also insist that they have a right to prosecute the appeal and have the judgment of nonsuit reviewed by this court. Section 2903, Code of 1906 (section 5238, Hemingway's Code). reads as follows:

"The land commissioner may prosecute suits, in the name of the state, concerning the public lands, through the attorney-general, a district attorney, or some attorney at law employed by him for that purpose, with the consent of the Governor."

Section 2382, Code of 1906 (section 4774, Hemingway's Code), reads as follows:

"The Governor may engage counsel to assist the attorney-general in cases to which the state is a party when, in his opinion, the interest of the state requires it, subject to the action of the legislature in providing compensation for such services."

It will be observed from the reading of these sections that neither the land commissioner nor the Governor has been given power by statute to allow any attorney any per centum of the state's property or the recoveries therefrom as fee in bringing a suit. It is urged here that the statute giving the land commissioner power to employ counsel with the consent of the Governor carries with it the right to fix his compensation, and that the contract involved is a valid exercise of the power under this statute. We do not think the statute warrants us in accepting this interpretation. It is to be construed in connection with the policy of the state in giving the Governor power to employ assistant attorneys subject to the action of the legislature to allow compensation as in the judgment of the legislature may be fair and just. The stipulation for the twenty-five per centum of the recovery is a vital part of the contract or agreement signed by the land commissioner and the Governor, and we are not authorized to strike this provision from the contract or agreement made; and, as this provision is unauthorized and unlawful, it renders the entire contract void. It certainly would be insufficient to furnish the attorney for the complainant with an interest in the subject-matter of the litigation so as to continue the litigation regardless of the wishes of his client. We think the land commissioner must retain control over his litigation, and that his right to control it cannot be contracted away. This case is governed on this point by the case of *Lamar County* v. *Tally & Mayson,* 116 Miss. 588, 77 So. 299, decided by the court *in banc,* and

the rule on this subject being stated in the following language:

"The board of supervisors had the right to control the litigation and dismiss the appeal, and it was its duty to do so, if it was convinced such appeal would result adversely to the county. The board, being trustees of the public, cannot divest itself of this power and duty by contract."

The land commissioner is a trustee of the public, and cannot surrender his official control, or cannot contract away his right to control the litigation which the statute authorizes him to institute. In the contract or agreement set out in the statement of facts no particular lands are mentioned, and no particular defendants are named We think in cases of this kind that the facts and particulars constituting the cause of action should be brought to the attention of the land commissioner before a suit is instituted, so that he may bring to bear upon the question any particular facts his official discretion as to whether such particular suit shall be brought. He is certainly not bound by a blanket contract, under which any citizen of the state might be compelled to run the gauntlet of litigation with the state without having the officer designated by law to pass upon the particular case as to whether a suit should be brought or not. Whatever may be the rule governing the relation between the attorney and client when the parties are acting in their personal capacity, it is clear that officers must be controlled by the law in making their contracts, and that officers cannot delegate their discretion unless expressly authorized to do so by statute.

The judgment entered in this cause was a nonsuit without prejudice, and it is not a final judgment from which an appeal is allowed to this court. Appeals are regulated by statute, and only lie in cases provided by statute. As said by the Supreme Court in *G. & S. I. R. R. Co.* v. *Williams,* 109 Miss. 549, 68 So. 776:

"In the case of *Doudell* v. *Shoo,* 159 Cal. 448, 114 Pac. 579, it is said by the court that: 'A judgment is final "when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce, by execution, what has been determined." ' . . .

"In the present case there is nothing to execute upon affirmance, and nothing that could be done by the court below to be superseded by appeal. In the absence of a statute granting the right of appeal in a case of this kind, we are compelled to hold that this court has no jurisdiction of the case."

It follows that the dismissal of the appeal was proper, and the motion to reinstate is overruled. .

*Overruled.*