Mississippi Live Stock Sanitary Board *v.* Williams *et al.*

(In Banc.   Oct. 1, 1923.)

[97 South. 523.   No. 23672.]

States.   *Power of state boards to sue statutory; state live stock sanitary board can only sue by officers designated by statute.*
The powers of state boards or subdivisions of the state, or a state agency, to sue and be sued, are governed by statute, and such powers must be conferred by law to exist, and the statutes made in such cases are the measure of the power. Under section 5, chapter 167, Laws of 1916, providing that "said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty under this act may be compelled to perform the same by mandamus, injunction or any other appropriate

remedy," only authorizes suits which are instituted by the named officers, and the live stock sanitary board cannot sue in its own name, without the act of one of these officers.

Appeal from chancery court of Amite county.

Hon. R. W. Cutrer, Chancellor.

Suit by the Mississippi Live Stock Sanitary Board against Walter Williams and others. From a judgment of abatement, complainant appeals. Affirmed.

*W. G. McLain* and *Thomas Mitchell,* for appellant.

Upon the hearing, at a date agreed upon by the attorneys, appellees filed a plea in abatement setting up as grounds therefor:

1st.  That there was a plain and adequate remedy at Law.

2nd.  That the injunction suits could only be brought by the live stock sanitary board on relation of the attorney general, the district attorney, or the county attorney, and that the only authority conferred upon the state live stock sanitary board to bring suits was such authority as was conferred by section 5, chapter 167 of the Laws of 1916.  The plea in abatement was sustained by the chancellor whereupon appellants appealed.  The error of this ruling is the sole ground assigned for error.

The contention of appellees is that the sole authority of the state live stock sanitary board to file suits is derived from section 5, chapter 167 of the Laws of 1916, and they insist that such suits can only be filed in the name of the district attorney or the county prosecuting attorney.

Appellants contend that chapter 167, Laws of 1916, is not mandatory but discretionary and that said laws merely add and additional method of procedure, and merely authorize the district attorney and the county prosecuting attorney to file suits whenever requested by the state live stock sanitary board, and does not in any sense limit the state live stock sanitary board to such action.  Appel-

lants further contend that said laws absolutely make it the duty of the state live stock sanitary board to see that the law in regard to tick eradication is carried out to the letter, and that such laws do confer authority to compel obedience to the law, and to its rules and regulations, by mandamus, injunction, or other appropriate remedy.

The case at bar was not a mandamus action; had it so been we would readily concede that the suit should have been brought in the name of the district or county attorney for the reason that a mandamus action is specifically prescribed by statute. But the case at bar was an injunction action and an injunction is incident to chancery jurisdiction and the method of procedure, or of right to file, is not limited by statute usless the Laws of 1916 so limit as contended by appellee. Therefore the sole and only issue in this connection is whether or not chapter 167, Laws of 1916, intended to limit the state live stock sanitary board to filing an injunction suit in the name of the district or county attorney.

Chapter 167 of the Laws of 1916, uses the words or this language—"May require," and this court has repeatedly held that the word "may" implies discretion and right of choice. The word "shall" is mandatory, and the word "may" is discretionary. The word "may" grants authority but does not imply compulsion.

It is well known that a litigant may plead his own case and dispense with the service of an attorney. If this be true then it is also true that any member of the state live stock sanitary board could institute, file and plead suits in that behalf.

Again, chapter 167, Laws of 1916, says: "Said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal." Now, the words "civil or criminal" are used in a coordinate sense and if it be true that this statute limits the filing of civil suits in behalf of said board to district and county prosecuting attorney then it must also mean that a criminal case can only be institued in such behalf

by a district or county prosecuting attorney. There is no escape from such conclusion and yet to so hold would be obsurd for any citizen, or other person, may file a criminal affidavit and institute a criminal suit and to deny the board, or any member thereof, or any county inspector, the right to so institute a criminal suit is to attempt at one stroke to change the face of the common law, statute law, judicial determinations, and the constitution. *Mc-Millan* v. *State Live Stock Sanitary Board,* 119 Miss. 500, 81 So. 169; *State* v. *Board of Supervisors of Stone County,* 95 So. 683.

*F. D. Hewitt,* and *W. P. Cassedy,* for appellees.

The only comment of attorneys for appellant on the law is that the statute uses the word "may" instead of the word "shall" in providing for the enforcement of the law, and that the statute left it optional with the board as to whom they would select to represent them. The rule for the construction of statutes is well settled in this state, the rule being that the courts should look to the intention of the legislature, as obtained from the whole law and where the literal definition of a word used, conflicts with the intention of the legislature, it must give way to the intent. *Carson* v. *Carson,* 31 Miss. 578, 592; *Johnson* v. *Reeves & Company* (Miss.), 72 So. 925. See also *Planters Bank* v. *State,* 6 S. and M. 628; *Grand Gulf Bank* v. *Archer,* 8 S. and M. 151; *Green* v. *Weller,* 32 Miss. 650; *New Orleans & R. Co.* v. *Hemphill,* 35 Miss. 17; *Learnard* v. *Corley,* 43 Miss. 687; *Eskridge* v. *McGruder,* 45 Miss. 294; *Bonds* v. *Greer,* 56 Miss. 710; *Dixon* v. *Doe,* 1 S. and M. 70; *Adams* v. *Yazoo & R. Co.,* 75 Miss. 22 So. 824; *Ingraham* v. *Speed,* 30 Miss. 410; *Read* v. *Maning,* 30 Miss. 308; *Olive* v. *Walton,* 33 Miss. 103; *Board of Education* v. *Mobile & R. Co.,* 72 Miss. 236, 16 So. 489; *Love* v. *Taylor,* 26 Miss. 567; *Shelton* v. *Baldwin,* 26 Miss. 439; *Pattison* v. *Clinghan,* 93 Miss. 310, 47 So. 503.

The clear intention of the legislature was that these

suits should be instituted in the name of the state and by the district attorney or the county attorney, and the suit now before the court was not so brought and the plea in abatement was rightly sustained.

Argued orally by *W. G. McLain* and *Thomas Mitchell* for appellant and *F. D. Hewett* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The state live stock sanitary board, on the relation of Dr. C. E. O'Neal, county inspector, filed a bill in the chancery court against the appellees, some four hundred and ninety defendants, alleging that the complainant is a branch of the state government, and was duly created and organized by the legislature for the purpose of preventing the introduction and spread of contagious and infectious diseases of animals, and is vested with absolute power to deal with such diseases of cattle and horses; that complainant has the legal authority to and has made and promulgated and attempted to enforce reasonable and necessary rules and regulations to control, eradicate, and prevent the introduction and spread of the Texas fever tick, a copy of which rules and regulations of said board is made exhibit to the bill; that said defendants are each residents and citizens of Amite county, state of Mississippi, and have in their charge and own divers cattle and horses now and heretofore infested with or exposed to the fever tick; that said disease is a contagious and infectious disease of animals; that the board of supervisors of said county by proper rules, regulations, and ordinances heretofore passed and entered into had put into operation the tick eradication work provided for by the statutes of the state of Mississippi, and that said tick eradication work has been in operation in said county for more than one year; that the board has provided proper dipping vats and caused them to be properly filled with arsenical solution, in which said infested cattle and horses are required to be dipped every fourteen days; that proper

notice has been given to the said defendants to dip all of the cattle and horses on their land and in their charge, infested with or exposed to said disease aforesaid; that defendants have been served with official notice as required by law to dip all such infested cattle and horses, having been notified to do so by an agent or veterinary inspector commissioned by the Mississippi live stock sanitary board; that the defendants have willfully, unlawfully, and wantonly refused and failed to dip or cause to be dipped their said cattle and horses, as required by the rules and regulations governing tick eradication work, and that their act violates chapter 167, Laws of 1916, and rule No. 9 of the rules of the state live stock sanitary board.

It would further show that a great majority of the owners of cattle and horses are giving their hearty cooperation and support to the enforcement of said laws and regulations, and that it is necessary for all owners of cattle and horses, or those having them in their charge, to comply with the said rules and regulations, in order to eradicate the fever tick and to prevent the spread of tick fever; that, if the defendants are permitted to continue to violate said rules and regulations, irreparable injury will result thereby, and the public interest be greatly hampered. It is further charged that defendants have conspired together, one with the other and among themselves, to hinder, prevent, and interfere with the work of tick eradication in said county, and are advising and encouraging other persons to violate the laws and rules; that by their conspiracy and acts they are preventing, hindering, and interfering with the work of tick eradication in said county; that said defendants have conspired together to prevent, obstruct, and defeat public justice, by means of corruptly conspiring together, and by threats, force, and intimidation have endeavored to intimidate law-abiding citizens of said county and of other counties from dipping their cattle and horses exposed to said fever tick; that they ought to be compelled by injunction to comply with the rules and regulations and the statutes

covering tick eradication, and complainant prays for an injunction, both mandatory and prohibitory, against said defendants.

The defendants filed a plea in abatement, on the ground that no one has a right to bring suits under the law but the attorney general of the state, the district attorney of the district, or the county attorney of the county, in their official capaciy in the name of the state, and that the Mississippi live stock sanitary board has no authority to bring suit. The court below sustained the plea and abated the suit, from which judgment this case is appealed here.

Chapter 167, Laws of 1916 (sections 5502 to 5506, inclusive, Hemingway's Code), provides that the state live stock sanitary board appoint some suitable person in each county infested with the cattle fever tick to superintend and inspect the work of tick eradication in such county, who shall see that tick eradication is carried on in accordance with the rules and regulations of the live stock sanitary board, and it is provided that such person may appoint assistants to assist in the work. It is further provided that the board of supervisors in each county where the tick eradication has not been completed in the whole county shall let contracts for the construction of proper dipping vats, and for the proper materials and chemicals to be used in tick eradication, and provide for the salary of such inspector and assistant inspectors. It is further provided that all persons having cattle, horses, or mules in any county, or part of a county, infested with the cattle tick, on being notified by the inspector or his assistants, shall have his cattle, horses, and mules and other live stock required to be dipped by said inspectors to be dipped at such time and in such manner as the regulations of the live stock sanitary board may require, and that this shall be done under the supervision of the inspector or his assistants, and shall continue for such period of time as may be required by the rules of said sanitary board, which shall be sufficient in duration of time to completely de-

stroy and eradicate all cattle ticks in such county or part of county; and that the inspector and his assistants shall supervise the preparation of the vats and of the fluid to be used therein for such purpose, and shall supervise the dipping of cattle in such manner as to insure the eradication of the fever tick during the year. But if, for any reason, the tick from such county shall not be eradicated and destroyed, then the work shall be continued until the cattle fever tick shall be permanently eradicated and destroyed. Section 4 of the act (section 5505, Hemingway's Code) makes a failure of any person or officer to comply with the act a misdemeanor and provides for punishment. Section 5, chapter 167, Laws of 1916 (section 5506, Hemingway's Code), reads as follows:

"The state live stock sanitary board shall, as far as practicable, co-operate with the federal authorities conducting the work of tick eradication and may accept aid from the federal government or any of its officers and agents in carrying out the work of tick eradication in this state and it shall be the duty of the said state live stock sanitary board to see that the county inspector discharge the duties imposed hereunder and carry out the provisions of this chapter, and said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty under this act may be compelled to perform the same by mandamus injunction, or any other appropriate remedy."

It is familiar learning that public bodies or subdivisions of the state, or agencies of the state, have only such powers as are conferred on them by law, and, unless the statute gives the power to sue and be sued, such boards or bodies have not the power to sue or be sued. *Brabham* v. *Hinds County,* 54 Miss. 363, 28 Am. Rep. 352; *Anderson* v. *State,* 23 Miss. 459; *Freeman* v. *Lee County,* 66 Miss. 1, 5 So. 516; 15 Corpus Juris, 663 et seq. Section 5, above quoted, is the only statute which has been called to our attention

or which we have found, that deals with the power to bring suit. The language in said statute:

"Said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty under this act may be compelled to perform the same by mandamus injunction, or any other appropriate remedy,"—in our opinion requires the suit to be instituted by the officers therein named, under the direction of the state live stock sanitary board. This statute is the measure of the power of such board to institute suits. Such suits might be instituted by the attorney-general in the name of the state, or possibly by the county, under sections 309, 310, Code of 1906 (sections 3682, 3683, Hemingway's Code). But we are not called on here to determine whether the county or the attorney-general has the power to bring the specific suit herein sought to be brought. It was said by the appellant that the right of the live stock sanitary board to bring suits of the kind here involved has been adjudicated by the case of *McMillan* v. *Live Stock Sanitary Board,* 119 Miss. 500, 81 So. 169, and the report of the case seems to authorize this contention. We have examined the original record and briefs in that case, and the right of the live stock sanitary board to bring suit was not specifically raised in the briefs and assignments of error, and was not discussed in the briefs of either counsel. Therefore the mind of the court was not directed specifically to the point here made. The argument there was addressed to whether chapter 167, Laws of 1916, had been repealed by chapter 221, Laws of 1918, and whether the chancery court could entertain jurisdiction of the suit, because it involved the enforcement of a criminal statute. We apprehend that if the attack had there been made, and if the argument had directed the court's attention to the specific question now before us, the decision would have been different. If the decision should be construed to authorize the suit by the

live stock sanitary board in its own name, and independent of the officers therein named, it would be overruled.

We have considered the case *in banc*, for the purpose of settling this contention, and now hold that the live stock sanitary board has no such power, and the case of *McMillan* v. *Live Stock Sanitary Board, supra,* is limited to the questions therein discussed and decided.

It follows that the judgment of the court below will be affirmed.

*Affirmed.*