HANCOCK COUNTY *v.* STATE HIGHWAY COMMISSION *et al.*

(Division B.  Feb. 19, 1940.)

[193 So. 808.  No. 34055.]

**E. R. Holmes, Jr.**, Assistant Attorney-General, and **H. W. Hobbs**, of Jackson, for appellees on motion to dismiss.

Gex & Gex and **Evelyn Hunt Conner**, all of Bay St. Louis, for appellant on motion to dismiss.

Ethridge, P. J., delivered the opinion of the court.

Hancock County filed a petition for mandamus in the Circuit Court of that county against the State Highway Commission, and the individual members of the Commission, seeking to compel the State Highway Commission to allow Hancock County certain moneys expended in building a bridge in said county, or between the said county and Harrison County, for which the county contended the Highway Commission should reimburse it. The court below dismissed the petition for mandamus, and the county appealed from the judgment of dismissal. The Highway Commission makes the motion her to dismiss the appeal because (1) the lower court had no jurisdiction of the defendant, and this is shown on the face of the pleadings and the record; (2) the record shows on its face that the parties who brought the suit in the lower court had no right to bring the suit, and that the court was without jurisdiction to entertain their suit; and (3) the court was without jurisdiction of the subject matter

of this particular cause because of the parties to the cause as shown on the face of the record.

In the motion to dismiss and the brief thereon, it is contended that a mandamus affecting public interest can only be brought by the attorney general or by a district attorney under Section 2348 of the Code of 1930. This section reads as follows: *"In what cases a remedy and how obtained.*—On the petition of the state, by its attorney-general or a direct attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law." The appellant contends that this section of the Code must be construed in connection with Sections 6003 and 6004 thereof, and also in connection with the provisions authorizing counties to sue and be sued are Sections 270 and 271 and 253 of the Code, and when so construed it is contended the county would be entitled to bring an action of mandamus. The writ of mandamus is distinct from ordinary suits. It is a prerogative writ issued by the State through such representatives as it may intrust with that power, and under Section 2348 suits involving the public interest are to be brought on the petition of the attorney general or a district attorney. It is true the section authorizes a mandamus to issue for the enforcement of the private right by a person whose private rights entitle him to coerce a mandatory duty, but the State Highway Commission is a public body and its funds to be expended by it are for public purposes, and the dealings in its powers with the public interest and the matters sought to be enforced in the present proceeding represent public interest, both as to the action of the State Highway Commission, and as to the county's

right, if any, to reimburse it for its expenditures for a public bridge.

We think the case is ruled here by State ex rel. Trahan et al. v. Price, 168 Miss. 818, 151 So. 566, 567. In that case the Court, in the concluding portion of the opinion, said: "Whatever may be the powers of a court of equity to grant injunctive relief to taxpayers who have suffered no special legal injury to themselves, after they have applied to all officers whose duty it is under the law to interfere, and laying aside the question of whether or not the averment that the Attorney General, after request, had refused to interfere was a sufficient showing of compliance with the requirement that application must be made to all officers whose duty it is to interfere before a cause of action arises in favor of individual taxpayers who have suffered no special legal injury, the same right to relief does not apply in favor of such taxpayers seeking relief by mandamus. Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, that the matter is one affecting the public interest only, they are without right to maintain the action individually, or in the name of the state, but such suit could only proceed in the name of the state by its Attorney General or district attorney. The fact, if it be a fact, that the relators were unable to secure action in the name of the state by its Attorney General or district attorney, does not aid them or give them any right to proceed otherwise in a mandamus proceeding."

Nothing short of a statute specifically giving right to mandamus would enable a county to sue out a mandamus affecting a public matter, or a matter of public interest. It may be that a county having property or rights of action in its purely private or proprietary capacity might

have the same remedy as a private individual would have to coerce the performance of the duty, where no discretion is required or contemplated, that a private individual would have. Mandamus being a prerogative writ to be issued only in extraordinary circumstances and only on the conditions and by the persons authorized by statute to have it issued, it is not available to the appellant in this suit, consequently the county had no standing in the Court, and one of the fundamental principles in invoking a court's jurisdiction is that the plaintiff or complainant, as the case may be, must show a right in himself to invoke the jurisdiction of the court.

In the case of Jones et al. v. Cashin, 133 Miss. 585, 98 So. 98, 99, which was a petition by Cashin for reinstatement as an attorney at law, Jones and others were appointed to act as counsellors for the Court and to answer the petition of Cashin, that is, to contest the application for reinstatement. The Court reinstated Cashin by its order, but directed an appeal to be prosecuted by Jones and others, which appeal was undertaken and proceedings filed for that purpose. Cashin moved to dismiss the appeal, and the Supreme Court sustained the motion to dismiss the appeal. The Court said:

"An appeal is not a matter of right, and lies only when authorized by law. Bridges v. Clay County, 57 Miss. 252; State ex rel. Brown v. Poplarville Sawmill Co., 119 Miss. 432, 81 So. 124. No statute authorizing this appeal has been called to our attention and the only one under which it could lie is section 33, Code of 1906 (Hemingway's Code, sec. 8) which provides that:

" 'An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, . . . by any of the parties or legal representatives of such parties,' etc.

"The order by which the court below authorized the appellants 'to act as counsellors in and for the said court,' etc., in this proceeding did not make the appellants parties thereto, but at most made them amici curiae only, and

an amicus curiae is not within the statute and has no right to an appeal thereunder. Miller v. Keith, 26 Miss. 166.''

In the case of Warren County v. Lanier, 87 Miss. 606, 40 So. 429, it was held that a county was not a party to a petition to the circuit court asking an allowance under Section 1387, Ann. Code of 1892, providing an award for the arrest and delivery up for trial of fleeing homicides, and that the county cannot appeal to the Supreme Court from a judgment of the circuit court granting the petition. This is a case where the reward for capturing fleeing homicides was paid out of the county treasury and motion and allowance therefor were in the circuit court without the county being made a party, and from this order the county sought to appeal, but the court held it was not a party having the right in the subject matter warranting such appeal.

The case of State ex rel. Collins v. Standard Construction Co., 118 Miss. 469, 78 So. 625, was a case where the attorney general sought to enjoin the carrying out of the contract for the restoration of the old Capitol. On a hearing the court dissolved an injunction originally granted, and an appeal was taken to the Supreme Court, but during the interim between the taking of appeal and the reaching of the case for hearing, the work was completed, the Capitol Commission approving what was done, and paying for same, and the Court dismissed the appeal for want of controversy.

In the case of State ex rel. Brown v. Poplarville Sawmill Co. et al., 119 Miss. 432, 81 So. 124, the parties had secured a contract with Brown, State Land Commissioner, to bring certain suits among others against Poplarville Sawmill Company. Brown directed these parties to dismiss the suit which the Court did, and the parties having the contract sought to appeal claiming an interest in the subject matter of the litigation, which contract provided an interest, in the recovery, which contract was void as being against public policy. The

court dismissed the appeal, holding that they had no interest such as would entitle them to an appeal.

Under these principles and authorities, we think it is clear that Hancock County had no right to institute the suit for mandamus, and that the appellant, Hancock County, had no such interest or right as would enable it to appeal from the order of the court below dismissing the proceeding.

Motion to dismiss will therefore be sustained.

Appeal dismissed.