MADISON COUNTY *v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

(In Banc. Oct. 28, 1940. As Modified on Denial of Suggestion of Error Dec. 23, 1940.)

[198 So. 284. No. 34080.]

Jones & Ray, of Jackson, and Ray, Spivey & Cain, of Canton, for appellant.

194

**E. R. Holmes, Jr.,** Assistant Attorney-General, **Richard-son & Sanford,** of Philadelphia, **B. H. Loving,** of West Point, and **H. W. Hobbs,** of Jackson, for appellee.

### On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

Upon a careful consideration of the suggestion of error in this case, we have reached the conclusion that it should be overruled. However, we have decided that it is proper to withdraw from the former opinion the expression contained therein, which counsel for the appellant, who filed the suggestion of error, have interpreted to be a construction of sections 5003, 5004, and 5010 of the Code of 1930, in such a manner as to preclude or limit the relief to which the appellant and other counties may be entitled, if and when an appropriate proceeding shall be brought to enforce any right that may be given under those statutes. What was said in the former opinion when discussing those statutes was intended only for the purpose of re-enforcing the correctness of the decision, wherein we held that a writ of mandamus, instead of a mandatory injunction, was the proper remedy to obtain

any relief to which the appellant may be entitled. On this suggestion of error we again limit the decision, as was expressly stated in the former opinion, to merely holding that the allegations of the bill of complaint do not bring the case clearly within the operation of either section 5003 or 5004 of the Code, and that whatever remedy the appellant may have cannot be enforced by a mandatory injunction.

We withdraw a portion of the former opinion, so that it will now read as follows:

"This is an appeal from a final decree of the chancery court of Hinds county sustaining a demurrer and dismissing a bill of complaint in which the appellant, Madison county, sought to obtain a mandatory writ of injunction against the appellee, Mississippi State Highway Commission, to compel the said Commission to cause to be appraised the pavement on that link or section of U. S. Highway No. 49, from the town of Flora, in said county, to the Hinds county line, and also that link or section of U. S. Highway No. 51, from the city of Canton to the Hinds county line, and to pay for the same as provided for by section 5003 and 5004 of the Code of 1930. It is alleged in the bill of complaint that the original cost to the county of the right-of-way for the said link or section of U. S. Highway No. 49 was the sum of $1800, and that the cost of the construction and pavement thereof amounted to the sum of $61,346.01; and that the original cost of the right-of-way for the said link or section of highway on U. S. Highway No. 51 was the sum of $36,036.50, and that the cost of the construction and pavement thereof amounted to the sum of $104,630.76. It was not alleged in the bill that either of the said links or sections of highway was already built at the time of the passage and effective date of the statutes in question, but it is merely alleged that in the first instance the right-of-way was purchased during the year 1929, and that in the second instance the right-of-way was purchased during the year 1928,

and then alleges that the said links and sections of the highway were thereafter constructed on the rights-of-way so purchased, and all at the expense of the said county. Section 5004 of the Code of 1930, which we deem to be the applicable statute in the case, provides, among other things, that: 'Whenever in the due course of the construction program of the state highway commission the time shall be reached when any paved highway or section thereof heretofore built in whole or in part at local expense would have been regularly constructed as a part of such program, and connection is made with such paved highway and same becomes a part of a continuous paved state highway, the state highway commission shall cause to be appraised the pavement on said highway . . ., and the state highway commission shall pay to the local unit at whose expense the road was constructed the proportionate part contributed or paid by said local unit represented in the then existing appraised value.' We are of the opinion that the allegations of the bill of complaint are insufficient to bring the case within the purview of either of the statutes invoked.

We are also of the opinion that the decree of the court below should be sustained on the ground that the chancery court was clearly without jurisdiction to grant a mandatory writ of injunction to compel the state highway commission to perform a legal duty alleged to have been enjoined upon it by the statutes here invoked.

Section 2348 of the Code of 1930 reads as follows: 'On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act, the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station,

where there is not a plain, adequate, and speedy remedy in the ordinary course of law.'

The appellant seeks to avoid the application of the foregoing statute as furnishing the proper remedy at law for compelling the appellee state highway commission to cause the appraisement to be made, and seeks to invoke the aid of a court of equity by mandatory injunction on the ground (1) that the attorney general is required by law to represent the state highway commission in suits brought against it, and that therefore he was not available to represent the appellant Madison County in a proceeding by mandamus against the said highway commission; and (2) that the writ of mandamus when issued would not afford full, adequate and complete relief to the appellant. It is sufficient to say in answer to the first proposition that the bill of complaint contains no allegation that a request was ever made that either the attorney general or any of the seventeen district attorneys of the state permit the use of their name to bring a mandamus proceeding on petition of the state on relation of such an officer, nor does it allege that such a request would have been of no avail. The answer to the second proposition is that in the case before us the chancery court would not be empowered to go further than to merely compel the appraisement to be made by means of a mandatory injunction, even if we should assume that it would have jurisdiction to grant such relief. Assuming for the purpose of this decision, and for that purpose alone, that the Legislature in enacting section 5004 of the Code, supra, intended to create a liability and cause of action in favor of a local unit at whose expense a link or section of paved highway had been theretofore constructed so as to enable such local unit to compel the making of such an appraisement, it is then clear that the writ of mandamus is appropriately designed to afford the necessary remedy for that purpose. The test as to whether there is a plain, adequate, and complete remedy at law is the existence of such a remedy under the

law. The jurisdiction of equity does not arise merely because the party in whose favor the remedy at law exists may think, without first making inquiry, that each of the officers whose duty it might be to interfere may be unwilling to do so, and especially where the pleadings fail to contain any allegation as to such unwillingness. Of course, the appellant could not proceed by mandamus in the name of Madison county in a matter thus affecting the public interest as we held in the case of Hancock County v. State Highway Commission et al., 193 So. 808, but if the statute invoked by the appellant is effectual to require the appellee to cause the appraisement to be made, then the circuit court is vested with full power under section 2348 of the Code, supra, to grant relief by mandamus on petition of the state, by its attorney general, or a district attorney, at least to the point of compelling the appellee to cause the links or sections of the highway referred to in the bill of complaint to be appraised, and may also punish as for contempt any refusal to obey its mandate under section 2353 of the said Code of 1930. . . . Therefore, a plain, adequate, and complete remedy by mandamus at law is afforded if a right of action has been created on behalf of the local unit to compel such appraisement.

"In 38 C. J., page 545, par. 12, it is said: 'Injunctions and mandamus are not interchangeable, but present several well defined points of difference. Mandamus is strictly a legal remedy while the remedy of injunction is solely equitable and cognizable in no other forum than a court of equity. Also, mandamus is a remedy to compel action, while injunction is a remedy to prevent action, and while there are a limited number of cases in which the rule is apparently denied altogether, or greatly limited, it is very generally held that mandamus is not the proper remedy where the relator does not ask that defendant be compelled to do an act, but demands on the contrary that he be forbidden to do certain acts, and that mandamus cannot be made to perform the office of an

injunction. And on the other hand, mandamus and not injunction is ordinarily the proper remedy where nothing is sought but the enforcement of a legal duty, although under some circumstances a mandatory injunction will issue to compel the performance of a duty of this character if for any reason mandamus is not available.'

''Where, as in our state, the established distinctions between common law and equity jurisdiction are observed, injunctions and mandamus are not correlative remedies. Moreover, the almost universal test of the jurisdiction of a court of equity to issue injunctions is the absence of a legal or other remedy by which the complaining party might obtain the full relief to which the facts and circumstances may warrant.

''We are therefore of the opinion that the decree of the court below sustaining the demurrer and dismissing the bill of complaint should be affirmed, but we pretermit the decision of any question pertaining to the right of the appellant to any relief by appropriate proceedings in the premises, and limit this opinion to merely holding that the allegations of the bill of complaint do not bring the case clearly within the operation of either section 5003 or 5004 of the Code of 1930, and that whatever remedy the appellant may have cannot be enforced by mandatory injunction.

''Affirmed.''

Suggestion of error is hereby overruled.