RODGERS, Justice:
This controversy arose between two agencies of the State of Mississippi. The Board of Education of Forrest County filed a petition, through its attorney, seeking a writ of mandamus to compel the Board of Supervisors of Forrest County to pay to the education fund of Forrest County one-half of the oil and gas severance taxes for use in the Minimum Education Program. The Board of Supervisors refused to pay the Board of Education the sum of $58,520.79, or one-half of the sum of $137,900 severance tax refunds, less $10,429.21 previously paid by the Board of Supervisors prior to September 1, 1966. The sum claimed represented one-half of the refund severance tax for the 1966-1967 school year.
The ultimate controversy arose out of a disagreement as to the meaning of certain legislative enactments with reference to severance taxes for school use. The School Board contends that sections 6248-04 and 6248-04.5, Mississippi Code 1942 Annotated (Supp.1966) require the Board of Supervisors to allocate one-half of the oil and gas refund severance tax for the use of the Board of Education. The Board of Supervisors of Forrest County contends that sections 9417-03 and 9417.5-03, Mississippi Code 1942 Annotated (1952) give the Board of Supervisors discretion as to how it may divide the severance tax. The Board of Supervisors points out that prior to the time when the Board of Education adopted its budget, the Board of Supervisors advised and notified the Board of Education that it had determined in its discretion to use the severance refund tax. The Board of Supervisors alleged that the unsafe condition of the bridges of the Forrest County public roads utilized as school bus routes was such as to require the future use of oil and gas severance tax refund money for the purpose of repairing the bridges on the public roads along the school bus routes, beginning October 1, 1966. Several letters were written to the Attorney General with reference to the adverse claims, and finally suit was filed by the Board of Education of Forrest County, Mississippi. The petitioners based their petition upon the premise and theory that the Legislature of Mississippi had repealed the law giving the Board of Supervisors the discretionary power with reference to the use of the severance tax refund by the enactment of section 6248-04 and section 6248-04.5. It is said that the last section declared that it was the intention of the Legislature that these funds would not “be used for any purpose other than the support of the minimum education school program in said county.”
This Court was in the process of examining the original issue as to whether or not the refund paid to the county for severance taxes which are earmarked for the school could be used for any other purpose. At this point, however, it was brought to the attention of the Court en banc that, although the trial court had entered a judgment in favor of the defendants, the members of the Board of Supervisors of Forrest County, Mississippi, the trial judge had overruled a demurrer to the petition filed by the Board of Education, in which the members of the Board of Supervisors challenged the authority of the Board of Education to file a petition for a writ of mandamus to compel the Board of Supervisors to act as requested. The members of the Board of Supervisors cross appealed from this order overruling the demurrer. We are therefore confronted at the very door of this action with the question as to whether or not the Board of Education of Forrest County can file a petition for mandamus. In short, is there an action before the Court on which mandamus • can be granted ?
The authority to prosecute an application in the courts of this state for a writ of mandamus is found in section 1109, Mississippi Code 1942 Annotated (1956), which is as follows:
“On the petition of the state, by its attorney-general or a district attorney, *892 in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.”
The writ of mandamus is an extraordinary writ, and before the writ can be issued it must affirmatively appear that four essential elements are present: (1) the petition must be brought by the officers or persons authorized to bring the suit; (2) there must appear a clear right in petitioner to the relief sought; (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel; and (4) there must be an absence of another remedy at law. Board of Supervisors of Prentiss County v. Mississippi State Highway Comm., 207 Miss. 839, 42 So.2d 802 (1949).
It must be pointed out that this Court permitted suit to be filed for mandamus by one state agency against another state agency in the case of White v. Miller, 159 Miss. 598, 132 So. 745 (1931). It appears, however, that in that case the petitioner, the State Tax Collector, was seeking mandamus to require the State Auditor to pay over to him the commissions due him and that he could have proceeded in his name as an individual “in any matter affecting the public interest” since he was interested as a private person in the payment of his commissions. In addition, the Tax Collector had statutory authority to bring a suit in matters affecting the collection of taxes. For that reason it is possible that the authority to bring suit for the extraordinary writ of mandamus was not studied in depth. Other cases, before and since White v. Miller, have repeatedly held that one state agency can not obtain a writ of mandamus against another state agency in its own right.
This question was thoroughly studied and laid to rest in the case of Hancock County v. State Highway Commission, 188 Miss. 158, 193 So. 808 (1940).
The Hancock County case arose when the county instituted a mandamus proceeding in circuit court to compel the State Highway Commission to allow the county certain moneys expended in building a bridge. The proceeding was dismissed and appeal was taken. On a motion by the appellee, the Commission, the appeal was dismissed, solely on the grounds that Hancock County had no right to institute the suit for mandamus. In discussing section 2348 of the Code of 1930 (which is exactly the same as section 1109 of the present Code), Presiding Justice Ethridge said:
“The writ of mandamus is distinct from ordinary suits. It is a prerogative zurit issued by the State through such representatives as it may intrust with that pozver, and under Section 2348 suits involving the public interest are to be brought on the petition of the attorney general or a district attorney. It is true the section authorizes a mandamus to issue for the enforcement of the private right by a person whose private rights entitle him to coerce a mandatory duty, but the State Highway Commission is a public body and its funds to be expended by it are for public purposes, and the dealings in its powers with the public interests and the matters sought to be enforced in the present proceeding represent public interest, both as to the action of the State Highway Commission, and as to the county’s right, if any, to reimburse it for its expenditures for a public bridge. [Emphasis added]” 188 Miss. at 162-163, 193 So. at 809.
The Court also said :
“Nothing short of a statute specifically giving right to mandamus would en *893 able a county to sue out a mandamus affecting a public matter, or a matter of public interest. It may be that a county having property or rights of action in its purely .private or proprietary capacity might have the same remedy as a private individual would have to coerce the performance of the duty, where no discretion is required or contemplated, that a private individual would have. Mandamus being a prerogative writ to be issued only in extraordinary circumstances and only on the conditions and by the persons authorized by statute to have it issued, it is not available to the appellant in this suit, consequently the county had no standing in the Court, and one of the fundamental principles in invoking a court’s jurisdiction is that the plaintiff or complainant, as the case may be, must show a right in himself to invoke the jurisdiction of the Court. [Emphasis added]” Id. at 163-164, 193 So. at 810.
This decision was reached despite section 270 of the Code of 1930 (now appearing as section 2955) which provides that a county may sue or be sued in its own name. It appears that, mandamus being an extraordinary remedy, the statute granting the right to petition for such a remedy will be construed very strictly.
The Hancock County case cites State ex rel. Trahan v. Price, 168 Miss. 818, 151 So. 566 (1934), which involved a suit by a group of private citizens. These citizens had requested the attorney general to file a petition for mandamus but the request had been refused. The citizens then filed suit themselves in the name of the state. This Court, in affirming a decree sustaining a demurrer to the petition, said:
"Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, that the matter is one affecting the public interest only, they are without right to maintain the action individually, or in the name of the state, but such suit could only proceed in the name of the state by its Attorney General or district attorney. The fact, if it be a fact, that the relators were unable to secure action in the name of the state by its Attorney General or district attorney, does not aid them or give them any right to proceed otherwise in a mandamus proceeding. [Emphasis added]” Id. at 826, 151 So. at 567.
The Hancock County case was cited approvingly in Madison County v. Mississippi State Highway Commission, 191 Miss. 192, 202, 198 So. 284, 287 (1940). There the Court, in holding that the proper remedy for Madison County was a writ of mandamus against the Highway Commission rather than a mandatory injunction, pointed out that the petition could not be filed by the county but could be filed for the state by the attorney general or district attorney since the subject of the suit was a matter affecting the public interest. See also Birdsong v. Grubbs, 208 Miss. 123, 43 So.2d 878 (1950).
Both the Madison County and the Hancock County cases were cited as authority in State ex rel. Cowan v. State Highway Commission, 195 Miss. 657, 13 So.2d 614 (1943). There the Court, with respect to the issue of whether or not a district attorney had the right to institute suit for the benefit of a county outside his district, asserted the fact that a petition for mandamus for a county in a matter affecting public interest could be brought only in the name of the state by the attorney general or a district attorney, and that a district attorney could not institute proceedings outside his district.
In Mississippi Live Stock Sanitary Board v. Williams, 133 Miss. 98, 97 So. 523 (1923), the question arose as to whether or not the Live Stock Sanitary Board had the right to petition for a mandatory injunction in its own name. The applicable *894 statute, Mississippi Laws 1916, chapter 167, section 5 (section 5506 Hemingway’s Code), was as follows:
“The state live stock sanitary board shall, as far as practicable, co-operate with the federal authorities conducting the work of tick eradication and may accept aid from the federal government or any of its officers and agents in carrying out the work of tick eradication in this state, and it .shall be the duty of the said state live stock sanitary board to see that the county inspector discharge the duties imposed hereunder and carry out the provisions of this chapter, and said board may require the county prosecuting attorney or district attorney in this state to' institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty under this act may be compelled to perform the same by mandamus injunction, or any other appropriate remedy.” Id. at 105, 97 So. at 525.
This Court held that such a suit must be brought by the district or county prosecuting attorney. The reasoning is best expressed in the Court’s own language:
“It is familiar learning that public bodies or subdivisions of the state, or agencies of the state, have only such powers as are conferred on them by law, and, unless the statute gives the power to sue and be sued, such boards or bodies have not the power to sue or be sued, Brabham v. [Board of Sup’rs of] Hinds County, 54 Miss. 363, 28 Am.Rep. 352; Anderson v. State, 23 Miss. 459; Freeman v. [Board of Sup’rs of] Lee County, 66 Miss. 1, 5 South. 516; 15 Corpus Juris, 663 et seq. Section 5, above quoted, is the only statute which has been called to our attention, or which we have found, that deals with the power to bring suit. The language in said statute:
“ ‘Said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty under this act may be compelled to perform the same by mandamus injunction or any other appropriate remedy,’ .
“ — in our opinion requires the suit to be instituted by the officers therein named, under the direction of the state live stock sanitary board. The statute is the measure of the power of such board to institute suits.” Id. at 105-106, 97 So. at 525.
It is contended that the circumstances in the instant case permit the failure to conform to such a technical requirement to be considered harmless error. The following quote by Justice Calhoon in Henry v. State, 87 Miss. 1, 39-40, 39 So. 856, 865 (1906), eloquently expresses a refutation of this contention. This case was on the question of whether or not the governor has a right to originate litigation. The Court said:
“In view of the authorities, and of the fact that we have a written Constitution undertaking to define powers, and in view of the spirit and genius of the government of these states of the American Union, we utterly repudiate any suggestion of any power in the Governor or any other officer, over and above the Constitution. We say, too, that, if the power sought to be exercised here could be thought a matter of doubt even, it must be decided that it does not exist. No court has ever deviated from the position of rejecting powers claimed which are doubtful. The Constitutional or statutory grant,must be plain. The whole people are vitally concerned in this principle, as much so as in that very mudsill of the Republic that the three departments must be kept inviolably coequal and independent each of the other. No argument can be based on the evils which might result if the Attorney General refuses to proceed. If this be a hiatus in the law, so be it until the Legislature shall see fit to act. Better the hiatus *895 than the destruction of a great and essential principle, from which it is an easy leap to the crunching of the bones of the Constitution. But there is no trouble. It is a simple matter to bring this question here right. Until it is so brought before the people, sitting as this tribunal, it should not be considered any more than if it were between individuals. No court ever considered the merits of any cause after holding there was no right to sue. Judges do not sit as moot courts to hear academic disputation, in the decision of which their conclusions would be mere obiter dicta and without force. Nor must they yield and decide because the public may want a speedy decision. These walls are imperviously padded to public clamor, the howls of mobs, and the storms of political factions. [Emphasis added]”
We are constrained, therefore, to follow the statute on mandamus, as it is written, and in so doing it becomes our duty to reverse the judgment of the trial court, and to dismiss the cause of action. The judgment of the trial court is reversed, and the petition for a writ of mandamus is hereby dismissed, without prejudice to the state, or its proper agents, to file a petition to require the payment by the Board of Supervisors of Forrest County, Mississippi of funds earmarked for the use of the schools to the proper state agency as provided by statute.
Reversed on cross appeal, and petition for writ of mandamus dismissed. The cost of court will be divided.
JONES, BRADY, PATTERSON and INZER, JJ., concur.