STATE *ex rel.* TRAHAN *et al. v.* PRICE, STATE AUDITOR.

(Division A. Jan. 1, 1934.)

[151 So. 566. No. 30889.]

**E. G. Williams,** of McComb, and **L. T. Kennedy,** of Natchez, for appellants.

820

**W. W. Pierce**, Assistant Attorney-General, for appellee.

Argued orally by **L. T. Kennedy**, for appellant, and by **W. W. Pierce**, for appellee.

**Cook, J.,** delivered the opinion of the court.

This action was instituted in the circuit court of Hinds county by a petition in the name of the state of Mississippi, on relation of R. G. Trahan, and thirteen other resident citizens and taxpayers of Pike county, Miss., against J. S. Price, state auditor, seeking a writ of mandamus to prevent the issuance of warrants by him on the state treasury on the requisitions of the state highway commission, for the payment of salaries or other expenses of the said commission, for the purchase of rights of way for said highways, or for any other purpose whatsoever, save and except that purpose for which an appropriation had been made.

The petition alleged that, although the Attorney-General of the state is by law required to represent all state offi'cers in any and all suits brought against them or any of them in their official capacity touching their official duties, they had requested him to institute for the state the action set forth in the petition, but he had declined to do so, that the relators are persons interested in the subject-matter of the suit, and that the same was brought by them' in the name of the state of Mississippi, and individually, for the benefit of themselves, and all persons of the same class, who were invited to join therein.

The petition further averred that it is the duty of the state auditor to collect the excise tax levied on gasoline, pay the state's portion thereof into the state treasury, and draw warrants against the same on proper requisitions from the proper authorities, but only after legislative appropriation for the particular purpose for which said requisition is made and warrant drawn; that the defendant state auditor has honored requisitions of the state highway commission against said funds in the state treasury, issued warrants therefor, and thereby caused large sums of money to be withdrawn from the state treasury and from said fund; and that he will continue to do so during the remainder of his term of office unless prevented by mandamus. The petition further specifically alleged that the Legislature made no appropriation for the biennium of 1932 and 1933 to the highway commission of the excise tax on gasoline, and therefore the state auditor was without authority to issue warrants in favor of said commission or on its requisitions for any purpose.

The defendant interposed a demurrer to this petition on the ground, first, that the relators had no such interest, and did not allege such facts, as would entitle them to the issuance of a writ of mandamus, and, second, that chapter 93, Laws 1932, is a sufficient appropriation of the gasoline tax collected thereunder, and paid into

the state treasury to the credit of the state highway fund, to authorize the defendant state auditor to issue warrants thereon in the manner provided by law, and for the purposes specified in the act, etc. This demurrer was sustained, and the petition dismissed, and, from the judgment entered, this appeal was prosecuted.

In determining whether the action of the court below in sustaining this demurrer was correct, it will only be necessary to consider the first ground of the demurrer. In the recent case of R. G. Trahan et al. v. State Highway Commission (Miss.), decided November 27, 1933, and reported in 151 So. 178, 180, wherein these relators, as complainants in the court below, sought to enjoin the state highway commission from changing the location of a state highway, the contention was pressed on appeal that the complainants were entitled to restrain the proposed change of location of said highway, "because to carry on the work aforesaid the commission is expending public funds for which no appropriation has been made in the manner prescribed and limited by the Constitution." In passing upon this point, the court held that these appellants, as members of the general body of citizens and taxpayers of the state, had suffered no special injury as to the expenditure of the said highway funds, and that, as a consequence, they had no right of action in respect to the expenditure of such funds, unless and until they had applied to all officers whose duty it is under the law to interfere; the language of the court on the point being in part as follows:

"Next is the contention that in this work the highway commission is expending public funds for which no constitutional appropriation has been made. It is the province and duty of the judicial department to restrain officers so as to confine them within their legitimate field in the performance of their duties, and this must be done on the application to the court of any party who suffers special injury in his person or property as a direct con-

sequence of the acts of officers beyond the prescribed field of their authority. Hobbs v. Germany, 94 Miss. 469, 49 So. 515, 22 L. R. A. (N'. S.) 983. It thus became our duty to inquire and determine whether these appellants were being injured by unauthorized acts of the highway commission, that is to say, by action beyond the limits or bounds or field within which the commission is permitted to function. Compare Rotenberry v. Yalobusha County, 67 Miss. 470, 7 So. 211; Hurley v. Levee Com'rs, 76 Miss. 141, 23 So. 580; Henry v. State, 87 Miss. 1, 39 So. 856. We have determined that the highway commission in the case in hand is acting in that respect within the field and limits of its rightful authority, from which it follows that appellants have suffered no legal injury at their hands. It therefore follows further that as to the expenditure of the funds aforesaid appellants have no more legal concern than any other of the large body of the citizens and taxpayers of the county, and in such case it is settled that such taxpayers, showing no special legal injury to themselves, have no right of action in respect to the expenditure of such funds, unless and until they have applied to all officers whose duty it is under the law to interfere. McKee v. Hogan, 145 Miss. 747, 110 So. 775. See, also, American Oil Co. v. Grocers Co., 138 Miss. 801, 104 So. 70.''

Whatever may be the powers of a court of equity to grant injunctive relief to taxpayers who have suffered no special legal injury to themselves, after they have applied to all officers whose duty it is under the law to interfere, and laying aside the question of whether or not the averment that the Attorney-General, after request, had refused to interfere was a sufficient showing of compliance with the requirement that application must be made to all officers whose duty it is to interfere before a cause of action arises in favor of individual taxpayers who have suffered no special legal injury, the same right to relief does not apply in favor of such tax-

payers seeking relief by mandamus. Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney-General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, that the matter is one affecting the public interest only, they are without right to maintain the action individually, or in the name of the state, but such suit could only proceed in the name of the state by its Attorney-General or district attorney. The fact, if it be a fact, that the relators were unable to secure action in the name of the state by its Attorney-General or district attorney, does not aid them or give them any right to proceed otherwise in a mandamus proceeding.

The decree of the court below will therefore be affirmed. Affirmed.