BIRDSONG et al. *v.* GRUBBS, et al.

In Banc. Jan. 23, 1950.

No. 37593 (43 So. (2d) 878)

**James T. Kendall,** Assistant Attorney General, for appellants.

George B. Grubbs, for appellees.

**Lee, J.**

This is an appeal by T. B. Birdsong, et al., from a judgment of the Circuit Court of Simpson County, granting, on the petition of George B. Grubbs, et al., a writ of mandamus against appellants.

The appellees brought this suit for the use and benefit of themselves, the people of Simpson County, and the State of Mississippi. They charged that T. B. Birdsong, as Commissioner of the Mississippi Highway Safety Patrol, about March 19, 1948, had unlawfully issued an order to all patrolmen, under no circumstances, to enforce the laws applicable to the transportation, possession, and sale of intoxicating liquor; that the commissioner and the pa-

trolmen were under the duty to enforce these laws, in that the law specifically provides that: "the powers and duties of the Highway Safety Patrolmen shall be to arrest without warrant any person or persons committing or attempting to commit any . . . breach of the peace . . . within their presence or view on any Highway of the State Highway System or the rights of way of such Highways and pursue any person committing such an offense to any place in the State of Mississippi where he may go;" and that their failure so to do had brought about a state of disgust, confusion, distress, and distrust, inasmuch as appellees were entitled to their rights and liberties and to the enforcement of the law of the land. They further complained of Message No. 91, but the same was not attached to the petition. They prayed for a mandate to the commissioner, "requiring him to do and perform all those acts and things that the law makes mandatory by instructing each and every patrolman of the Mississippi State Highway Safety Patrol that said order or message No. 91, as aforesaid is wholly void and require them, the said patrolmen, to perform their duties as the law directs."

Process was served on Birdsong in Hinds County. On his motion, this process was quashed. Thereupon, he made a motion to change the venue to the First Judicial District of Hinds County. This motion was in sufficient form. At that time, Birdsong alone was the defendant. Upon hearing the evidence, by order dated May 17, 1949, the court took the motion under advisement. Four days later, on May 21st, and before the court made a decision on this motion, an amendment of the petition was permitted so as to join several patrolmen as defendants, one of whom, James L. May, was charged to be an adult resident of Simpson County. Subsequently, on May 26th, the court overruled the motion for change of venue. The amended petition, in addition to naming the other defendants, alleged that the appellees were without remedy

other than by mandamus directed to the defendants, compelling them to act in accordance with the mandates of the law, "in that the defendant Birdsong be required to rescind any and all unlawful orders, messages, or instructions to each and every Highway Safety Patrolman, and that the other Defendants herein be required to execute their duties as the law directs."

The only addition to the prayer of the original petition as to Birdsong was that he be required to perform these acts "by executing his duties as the law directs;" and as to the other defendants, to "require the other defendants herein" to perform their duties as the law directs.

A copy of Message No. 91, complained about, was attached to the amended petition, and is as follows:

, "January 14, 1949

"To All Inspectors:

"1. In spite of several previous Bulletins along these lines, it comes to my attention that some Patrolmen in Northeast and South Mississippi, are exerting themselves to apprehend liquor trucks.

"2. Advise you again that as long as they do not violate laws on the Highways, have proper lights, brakes, etc., and not speeding or driving while Drunk, then it is no concern of ours.

"3. All inspectors see that all men are aware of this and previous orders on the subject.

"Yours very truly,
"S/S T. B. Birdsong
"Col. T. B. Birdsong
"Commissioner of Public Safety"

Thereupon, appellants answered, and in their answer set up many matters in abatement and in bar. There were demurrers also. By the pleadings, the appellants timely raised the question of venue; that the appellees were without right to bring and maintain this suit; that there was no specific allegation to show any failure or refusal to perform any duty imposed by law; that there was no

prayer that appellants be compelled to perform any specific duty; that mandamus will not lie for the purpose of enforcing a general course of conduct; that the Highway Safety Patrol has no general authority to enforce the prohibition laws; and that the individual patrolmen were neither proper nor necessary parties.

Section 1110, Code of 1942, fixes the venue in mandamus as follows: ''The petition for mandamus shall be filed in the circuit court of the county in which the tribunal, corporation, board, officer, or person made defendant, or some one or more of them, shall reside or be found; but if the judge of that court be interested, the petition may be filed in an adjoining circuit court district.''

According to the allegations and the proof, T. B. Birdsong is a public officer of the State. His official domicile is in the City of Jackson, in the First Judicial District of Hinds County. Besides, he is a resident, householder, and qualified elector thereof. Mandamus has been held to be purely a personal action. State ex rel. Cowan v. State Highway Commission, 195 Miss. 657, 13 So. (2d) 614.

Section 1433, Code of 1942, fixes the venue of actions in the circuit court generally and provides: ''. . . If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence, whether such suit is filed before or after such officer's term of office has expired.''

Hence, at the time of hearing the petition, beyond peradventure, the change of venue should have been granted.

What was the effect of joining patrolmen as other defendants, one of whom, May, was a citizen of Simpson County? ██ ██ The amended petition did not charge May or the other patrolmen with a failure to perform a specific duty. It sought merely to compel them to perform their duties generally. On that kind of allegation, no relief could be granted.

Section 1109, Code of 1942, provides as follows: "On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law."

██ ██ Hence, the amended petition stated no cause of action against the patrolmen, and the change of venue still should have been granted. And since no case for relief was stated against them, there is no escape from the conclusion that these patrolmen were made defendants for the sole purpose of retaining the venue in Simpson County. This cannot be done to deprive a litigant of an absolute right. See Long v. Patterson, 198 Miss. 554, 22 So. (2d) 490; Forman v. Mississippi Publishers Corporation, 195 Miss. 90, 14 So. (2d) 344, 148 A. L. R. 469; Trolio v. Nichols, 160 Miss. 611, 612, 132 So. 750, 133 So. 207; McRae v. Ashland Plantation Company, 187 Miss. 350, 192 So. 847. In this connection, we are not saying even that the allegations of the petition are sufficient to grant relief against Birdsong. That question is expressly pretermitted.

The change of venue should have been granted, and this error alone would necessitate a reversal.

However, a question of jurisdiction appears and the answer thereto is decisive.

Reference is again made to Section 1109, Code of 1942, supra. Of course, under this section, mandamus may issue to enforce the private right of a person when such private right entitles him to coerce a mandatory duty. ▮▮ But, in this case, the appellees undertook to assert a right for themselves and for the general public. If they, in fact, suffered a legal injury, it is no different from that suffered by the great body of citizens. A prerequisite to the commencement of this suit was the petition either of the attorney general or the district attorney.

This Court has already laid down this rule in State ex rel. Trahan et al. v. Price, State Auditor, 168 Miss. 818, 151 So. 566, 567, where the Court said: "Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, that the matter is one affecting the public interest only, they are without right to maintain the action individually, or in the name of the state, but such suit could only proceed in the name of the state by its Attorney General or district attorney."

Again, in Hancock County v. State Hwy. Commission, 188 Miss. 158, 193 So. 808, 809, the Court followed the rule in Trahan, et al. v. Price, State Auditor, supra, and said: "The writ of mandamus is distinct from ordinary suits. It is a prerogative writ issued by the State through such representatives as it may intrust with that power, and under Section 2348 suits involving the public interest are to be brought on the petition of the attorney general or a district attorney." The State did not legally become a party to this suit—neither the attorney general nor the district attorney having insti-

tuted the same—and its appearance therein was not entered by the proper officer authorized so to do. Hence, a judgment, under such circumstances, is a nullity insofar as the rights of the state are concerned. See State ex rel. Rice v. Stewart, 184 Miss. 202, 221, 184 So. 44, 185 So. 247.

The appellees being without any right to commence or prosecute this suit for the reasons herein above stated, it follows that no action could have been rightfully taken by the court in this matter, and that the petition for mandamus should have been dismissed.

Reversed and dismissed.