STIETENROTH *v.* MONAGHAN, CHAIRMAN, STATE TAX
COMMISSION.

No. 41275          October 5, 1959          114 So. 2d 754

*J. D. Stietenroth,* Jackson, pro se.

*John E. Stone,* Jackson, for appellee.

HOLMES, J.

The appellant brought this suit against the appellee, seeking the issuance of a writ of mandamus to compel the appellee to back assess and collect certain income taxes which the appellant alleged had become due the State of Mississippi. The appellant sued in his individual capacity, alleging that he was a citizen and taxpayer of the State of Mississippi. The appellant charged that certain large taxpayers of the State had been permitted by the appellee to take deductions on their state income tax returns for the years 1955, 1956, and 1957 for amortization of defense facilities and accelerated depreciation; that said deductions were allowed under the provisions

of Article 157 of Income Tax Regulations 11, which provides in part as follows:

"Charging of Depreciation. The depreciation deduction may be the identical figure claimed as such on the Federal Income Tax return for the same period. This shall include amortization of defense facilities and other acceleration of depreciation charges permitted or allowed for Federal Income Tax purposes. . . .

"In a situation where the sixty month period, authorized for charging off defense facilities, began prior to January 1, 1954, such sixty month period will be extended for State Income Tax purposes in order that the sum permitted as a deduction on the Federal report may be wholly amortized on State income tax returns."

The appellant further charged that said Article 157 was inconsistent with the income tax laws of the State of Mississippi, and was unauthorized and void, and that the deductions allowed thereunder had resulted in large sums of money of the lawful income tax revenues of the State of Mississippi not being assessed and collected. The appellant further charged that the appellee had failed and refused to back assess and collect the State income taxes remaining unpaid as a result of the alleged unlawful deductions, and that the deficiency in the income tax revenues of the State thereby created had resulted in the imposition of additional income taxes upon the appellant and numerous other taxpayers of the State, and that appellant was entitled to a writ of mandamus to compel the appellee to back assess and collect said unpaid income taxes in accordance with the income tax laws of the State of Mississippi. The claimed right of the appellant to bring this suit was asserted under the provisions of Section 1109 of Volume 1A Recompiled, of the Mississippi Code of 1942, which reads as follows:

"On the petition of the state, by its attorney-general or a district attorney, in any matter affecting the public

interest, or on the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or ommission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.''

The appellee demurred to the appellant's petition upon the following grounds: (1) Under the statute granting the right to bring an action of mandamus on a question involving public interest, the suit must be brought either by the attorney general or the district attorney. (2) An action of mandamus may only be brought against a public official solely for the purpose of forcing him to take action of some kind on a matter, but not to dictate the type of action where discretion is involved. The allegations of the petition set forth that defendant has refused to assess and collect the additional income taxes, which petitioner alleges are due, and having so refused, this Court, by mandamus, cannot force defendant to change his decision, or direct his decision in a matter involving discretion. (3) Petitioner alleges this is a taxpayers' suit, but such suits must allege that they are brought for and on behalf of taxpayers and must invite other taxpayers to join therein, which petitioner does not do. (4) Petitioner alleges no right to bring this suit or to any damages suffered other than the same as suffered by other taxpayers of the public in general.

The trial court sustained the demurrer and dismissed the appellant's petition, and from this action of the court the appellant has appealed.

Numerous questions have been raised and argued in the briefs of counsel, but the question confronting us at the outset is whether or not the appellant has the right to bring and prosecute this action. We think this

question must be answered in the negative and since such conclusion is decisive of the case, we confine ourselves to that question only. Under Code Section 1109, supra, only the attorney general or district attorney has the right to bring a mandamus action in any matter affecting the public interest. The appellant contends that he is a ''private person who is interested'' and is, therefore, vested with the right to bring this suit. According to the appellant's own admission, however, he has suffered no legal injury other than that suffered by any other of the citizens and taxpayers of the State, and, therefore, the matter here involved is one affecting the public interest. This has been definitely decided by this Court in the case of State ex rel. Trahan, et al. vs. Price, State Auditor, 168 Miss. 818, 151 So. 566, wherein the Court said:

''Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, *that the matter is one affecting the public interest only,* they are without right to maintain the action individually or in the name of the State, but such suit could only proceed in the name of the State by its attorney general or district attorney. The fact, if it be a fact, that the relators were unable to secure action in the name of the state by its Attorney-General or district attorney, does not aid them or give them any right to proceed otherwise in a mandamus proceeding.'' (Emphasis ours).

The decision in the case of State ex rel Trahan v. Price, State Auditor, supra, was followed and reaffirmed in the case of Birdsong, et al v. Grubbs, et al., 208 Miss. 123, 43 So. 2d 878.

The appellant, however, relies upon the case of Wirt Adams, State Revenue Agent v. City of Clarksdale, et al., 95 Miss. 88, 48 So. 242. In that case, Wirt Adams, suing in his official capacity as State Revenue Agent, brought an action for mandamus to compel the municipal tax collector to collect assessments made by order of the State Revenue Agent on property that had escaped municipal taxation. The inapplicability of this decision, however, is immediately apparent when it is considered that the suit was not brought by Wirt Adams individually, but was brought in his official capacity as State Revenue Agent.

Since the appellant alleges in his petition that the failure of the appellee to back assess the taxes hereinbefore referred to has created a deficiency resulting in the imposition of additional income taxes upon the appellant and other taxpayers of the State, it is clear that he has sustained no legal injury other than that suffered by any other of the citizens and taxpayers of the State. It is our conclusion, therefore, that the appellant was without right to bring this suit and that the trial judge committed no error in sustaining the appellee's demurrer. In view of this conclusion we do not pass upon the validity or invalidity of Article 157 of Regulations 11 of the State Income Tax Regulations which was rescinded as of January 1, 1958.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.