STIETENROTH *v.* MONAGHAN, CHAIRMAN, STATE TAX COMMISSION, et al.

No. 41531        October 10, 1960      123 So. 2d 534

*William L. Higgs,* Jackson, for appellant.

*John E. Stone,* Jackson, for appellees.

*Green, Green & Cheney,* Jackson, for appellee, Mississippi Power & Light Co.

382

McElroy, J.

The appellant, J. D. Stietenroth, instituted this action in his own name and as a citizen and taxpayer in the Chancery Court of Yazoo County, Mississippi, for the purpose of mandamusing the appellees, Noel Monaghan, State Tax Commissioner; New Hampshire Fire Insurance Company, Surety for Noel Monaghan; Joe T. Patterson, Attorney General for the State of Mississippi; Robert G. Nichols, Jr., District Attorney; Mississippi Power and Light Company; William F. Winter, State Tax Collector of the State of Mississippi; and J. P. Coleman, Governor of the State of Mississippi. Demurrers were sustained to the bill and amended bill for the reason that the complainant herein is without legal authority to bring this suit.

The holding of the chancery court is based on the case of Steitenroth v. State Tax Commissioner, 237 Miss. 305, 114 So. 2d 754, as follows: "Numerous questions have been raised and argued in the briefs of counsel, but the question confronting us at the outset is whether or not the appellant has the right to bring and prosecute this action. We think this question must be answered in the negative and since such conclusion is decisive of the case, we confine ourselves to that question only. Under Code Section 1109, supra, only the attorney general or district attorney has the right to bring a mandamus action in any matter affecting the

public interest. The appellant contends that he is a 'private person who is interested' and is, therefore, vested with the right to bring this suit. According to the appellant's own admission, however, he has suffered no legal injury other than that suffered by any other of the citizens and taxpayers of the State, and, therefore, the matter here involved is one affecting the public interest. This has been definitely decided by this Court in the case of State ex rel. Trahan, et al. v. Price, State Auditor, 168 Miss. 818, 151 So. 566, wherein the Court said:

" 'Mandamus is regulated by statute, and, in matters affecting the public interest, the action must be brought on the petition of the state by its Attorney General or a district attorney. It having been determined that the relators have suffered no legal injury other than that suffered by any other of the great body of the citizens and taxpayers of the state, or, in other words, *that the matter is one affecting the public interest only,* they are without right to maintain the action individually or in the name of the State, but such suit could only proceed in the name of the State by its attorney general or district attorney. The fact, if it be a fact, that the relators were unable to secure action in the name of the state by its Attorney General or district attorney, does not aid them or give them any right to proceed otherwise in a mandamus proceeding.' (Emphasis ours).''

Therefore the judgment of the lower court is affirmed.

Affirmed.

*Hall, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.