BRADY, Justice.
This is an appeal from the Circuit Court of Jones County, Mississippi, wherein the circuit court sustained the demurrer and affirmative defenses of the City of Laurel to a writ of mandamus attempted to be secured by the appellants.
On January 27, 1971, the appellants filed their petition for a writ of mandamus seeking to require the appellee to call an election pursuant to Mississippi Code 1942 Annotated section 7322-23 (1952) pursuant to the issuance of $1,875,000 in bonds by the City of Laurel for the purpose of carrying out an urban renewal project.
On February 2, 1971, the appellee filed its demurrer and answer setting up four affirmative defenses.
On February 15, 1971, a hearing was had on the demurrer and the affirmative defenses set forth in the answer of the ap-pellee. The lower court found that the writ of mandamus prayed for, directing the City of Laurel “to comply with the laws of Mississippi,” was a general request to comply with the laws of the state and as such was controlled by the case of Birdsong v. Grubbs, 208 Miss. 123, 43 So.2d 878 (1950), which held that a writ of mandamus cannot be issued for this purpose. The court further found that the petitioners had not suffered or will not suffer any legal injury other than that suffered by the body of citizens of the City of Laurel as a whole.
The lower court further found that:
(T) here’s no allegation that their damages, if any, or injury, if any, will be any different than any other of the citizens of Laurel. In fact, the petition itself does not allege that the petitioners, or either of them, will suffer any legal injury whatsoever.
The lower court found that this was a fatally defective error in that no injury to the petitioners now or in the future was shown. The lower court further showed in its well reasoned opinion that the appellee, the City of Laurel, had specifically excepted itself from the requirements of the statute which the appellant is urging must be fulfilled by its adoption of the resolutions *802 of July 25, 1938 and June 18, 1962. Finally, the lower court found that:
(I)t is not the prerogative of this court to adjudicate the advisability of an election by the City of Laurel in this case where, by statute, there is no legal duty imposed on the city to hold such an election. Writs of mandamus should never issue unless there is a legal duty to do the thing which the petitioner -seeks- to compel and since, in this case, it cannot be said that the city is especially enjoined by statute to hold an election, since it is specifically exempted by virtue of its adoption of these resolutions, there is no alternative except to sustain the demurrer and the first and fourth defenses pleaded by the City of Laurel in its answer.
From that judgment this appeal is taken.
The appellants in arguing their assignment of error state that the lower court was simply in error in applying Birdsong v. Grubbs, supra, and that the appellants’ contention is upheld by the case of Thompson v. Mayfield, 204 So.2d 878 (Miss. 1967). This contention of the appellants is without merit for the reason that the case of Thompson v. Mayfield, supra, is ample support for the sustaining of the demurrer because that is a case where the issuance of a writ of mandamus was proper for the reason that there existed a situation where a private citizen had an interest separate from or in excess of that of the general public which in that specific case was the valid and controlling ground for the issuance of a building permit, which had been arbitrarily denied.
Since the petition for the writ of mandamus does not allege and claim that the appellants-petitioners or either of them will suffer any special interest, legal injury or personal damages whatsoever, the lower court was manifestly correct in denying the writ of mandamus and in sustaining the demurrers and first and fourth affirmative answers of the appellee. For these reasons, the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.