# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00673-SCT

*RICHARD H. BENNETT, INDIVIDUALLY AND THE CONCERNED CITIZENS OF PEARL RIVER COUNTY, MISSISSIPPI*

*v.*

*BOARD OF SUPERVISORS OF PEARL RIVER COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2007 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM H. JONES |
| ATTORNEYS FOR APPELLEE: | LAWRENCE C. GUNN, JR. |
| | CLAIBORNE McDONALD, IV |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/07/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., EASLEY AND LAMAR, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case comes to the Court on appeal from the Circuit Court of Pearl River County. Dr. Richard H. Bennett and the "Concerned Citizens of Pearl River County" filed a complaint for writ of mandamus in an attempt to compel the Pearl River County Board of Supervisors to respond to a petition which would require a countywide vote to be held on whether to enlarge the county landfill.  The trial court granted summary judgment for the

Board of Supervisors and denied Bennett's request for writ of mandamus. Bennett appeals the trial court's decision.

## FACTS AND COURSE OF PROCEEDINGS

¶2.     Transamerica Waste Central Landfill, Inc., applied to the Pearl River County Board of Supervisors in May of 2005 for an expansion of Pearl River County's landfill. That request was denied by the Board in August of 2005. Transamerica made an amended request to expand the landfill in April of 2006.

¶3.     On October 17, 2005, Bennett submitted to the Board a petition signed by 8,120 qualified electors of Pearl River County.[1] The petition read as follows:

> PETITION ADDRESSED TO BOARD OF SUPERVISORS OF PEARL RIVER COUNTY, STATE OF MISSISSIPPI, PURSUANT TO TITLE 19, MISSISSIPPI CODE SECTION 19-3-55
>
> We, being qualified electors of Pearl River County, Mississippi, hereby petition the Board of Supervisors of Pearl River County, Mississippi to either pass an order and/or ordinance putting the following proposition in force and effect or immediately submit the same to a vote of the qualified electors of this County, after giving 30-days notice of said election, said notice to contain a statement of the proposition to be voted on at said election: Proposition: As of June 1, 2005, there is in effect a Solid Waste Plan for Pearl River County, Mississippi. In order for there to be any expansion of that Solid Waste Plan, either in service area or in size with respect to any existing Landfill situated within the territorial jurisdiction of Pearl River County, such expansion shall be authorized and permitted only through an election held pursuant to Title 19, Mississippi Code Section 19-3-55.

---

[1] This point is not disputed. It is also not disputed that 8,120 exceeds twenty-five percent of the qualified electorate of Pearl River County.

When the Board failed to respond to the petition, Bennett's attorney sent a letter to the Board's attorney on May 23, 2006. This letter requested a response and informed the Board's attorney that if there was no response within ten days, it would be assumed that the Board was refusing to acknowledge jurisdiction.

¶4. The Board did not respond to Bennett's letter, and on June 9, 2006, Bennett filed a Complaint for Writ of Mandamus in the Circuit Court of Pearl River County. The Board responded with its answer and defenses on August 9, 2006. Bennett moved to strike the Board's defenses, and on December 7, 2006, the Board responded to Bennett's motion and filed a motion for summary judgment. A hearing on all open motions was held on March 13, 2007. The trial court entered an order granting the Board's motion for summary judgment and denying the plaintiffs' petition for writ of mandamus on March 28, 2007. Bennett appeals.

## ANALYSIS

¶5. It is well-settled that "[t]he writ of mandamus is a discretionary writ and even in a case where an absolute legal right is shown, the writ will be withheld whenever the public interest would be adversely affected." *Bd. of Supervisors v. Miss. State Highway Comm'n*, 207 Miss. 839, 42 So. 2d 802, 805 (1949). In its memorandum opinion and order, the trial court gave three primary reasons for its denial of Bennett's request for writ of mandamus: (1) the extraordinary nature of the remedy of mandamus, (2) the doctrine of preemption, and (3) the plaintiffs' lack of standing. The plaintiffs argue that, as the Board refused to accept jurisdiction of the petition, mandamus was their only option.

3

¶6.     Mississippi Code Annotated § 11-41-1 provides:

> On the complaint of the state, by its Attorney General or a district attorney, in any matter affecting the public interest, or on the complaint of any private person who is interested, the judgment shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law.

Miss. Code Ann. § 11-41-1 (Rev. 2002). Our case law has expounded upon the remedy of mandamus by requiring that four essential elements coexist before a writ of mandamus may issue: (1) the petitioner must be authorized to bring the suit, (2) there must be a clear right in petitioner to the relief sought, (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel, and (4) there must be no other adequate remedy at law. *Aldridge v. West*, 929 So. 2d 298, 302 (Miss. 2006). In addition to the "four essentials," petitioners for writs of mandamus must also show that they have an interest "separate from or in excess of that of the general public" in order to have standing to seek the writ. *Id.* (citing *Jackson County Sch. Bd. v. Osborn*, 605 So. 2d 731, 734 (Miss. 1992)).

¶7.     The issue of standing is a question of law which we review de novo. *DuPree v. Carroll*, 967 So. 2d 27, 28 (Miss. 2007). In *DuPree*, this Court analyzed the standing requirement for the remedy of mandamus as it applied members of the City Council of Hattiesburg, who were seeking a writ of mandamus against the Mayor of Hattiesburg. The council members sought the writ after the mayor, who had just been reelected, refused to resubmit his department directors to the council for approval as required by statute. *Id.* The trial court granted mandamus, and the mayor appealed. Affirming the trial court's grant of

4

mandamus to the city council members, this Court stated, "[t]he council members have demonstrated that, by virtue of their position as the legislative check and balance on the executive power of the mayor, they have a separate interest or an interest in excess of the general public. Accordingly, they have also demonstrated they have the standing necessary to seek a writ of mandamus." *Id.* at 30.

¶8. The Court also discussed the "separate interest or excess interest" requirement for standing in *Wilson v. City of Laurel*, 249 So. 2d 801 (Miss. 1971). The petitioners in *Wilson* requested a writ of mandamus to require the City of Laurel to hold an election on a bond issue. *Wilson*, 249 So. 2d 801. The trial court denied the request for mandamus in part because the petitioners had failed to show that they would suffer any injury other than that suffered by the citizens of the City of Laurel as a whole. *Id.* This Court affirmed the trial court's denial of mandamus, stating, "[s]ince the petition for the writ of mandamus does not allege and claim that the [petitioners] will suffer any special interest, legal injury or personal damages whatsoever, the lower court was manifestly correct in denying the writ of mandamus." *Id.* at 802.

¶9. Bennett and the "Concerned Citizens" must establish standing under the "any-private-person-who-is-interested" provision of Mississippi Code Annotated Section 11-41-1. The Board alleges that the plaintiffs lack standing because they have failed to show that they have any interest in this subject matter separate or in excess of that of the general citizens of Pearl River County. We agree.

5

¶10. In their complaint for writ of mandamus, the plaintiffs failed even to allege that they had any interest at all that would set them apart from the general public. Much like the petitioners in *Wilson*, the plaintiffs have failed to show that they will suffer in any way that the general population of Pearl River County will not; and therefore, they lack standing to pursue the remedy of mandamus.

## CONCLUSION

¶11. As the plaintiffs did not show that they had any interest in this case separate from or in excess of that of the general population of Pearl River County, they lacked standing to pursue the remedy of mandamus. The trial court's denial of the plaintiffs' petition for writ of mandamus is affirmed.

¶12. **AFFIRMED.**

**SMITH, C.J., DIAZ, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. WALLER, P.J., CONCURS IN PART AND IN RESULT. RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J. ; DICKINSON, J. JOINS IN PART.**

**RANDOLPH, JUSTICE, SPECIALLY CONCURRING:**

¶13. A writ of mandamus is "*an extraordinary writ*, available *only* where there is not a plain, adequate and speedy legal or administrative remedy." *In re Chisolm*, 837 So. 2d 183, 189 (Miss. 2003) (quoting *Cowan v. Gulf City Fisheries, Inc.*, 344 So. 2d 724, 725 (Miss. 1977)) (emphasis added). In their "Complaint for Writ of Mandamus," Richard H. Bennett and the Concerned Citizens of Pearl River County, Mississippi ("Plaintiffs") seek to engage the judiciary to require a governing body, the Board, to perform an act not authorized by law.

6

Since the statute relied upon[2] does not authorize the governing body to act, our analysis should be short shrift. Thus, I concur in result, but for different reasons.

¶14. Mississippi Code Annotated Section 19-3-55 provides, in part, that:

> *[u]nless otherwise specifically required by law*, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five per cent. of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county . . . .

Miss. Code Ann. § 19-3-55 (Rev. 2003) (emphasis added). The "Solid Wastes Disposal Law of 1974," *see* Miss. Code Ann. § 17-17-1 *et seq*. (Rev. 2003) ("Disposal Act"), fits squarely within the exception to Mississippi Code Annotated Section 19-3-55. The Disposal Act also provides a plain, adequate and speedy legal remedy which nullifies the use of Mississippi Code Annotated Section 11-41-1 (Rev. 2002). The alternative avenues of relief outlined in Chapter 17 constitute "a plain, adequate and speedy legal . . . remedy[,]" rendering the "extraordinary" writ of mandamus improper. *In re Chisolm*, 837 So. 2d at 189 (quoting *Cowan*, 344 So. 2d at 725). Therefore, the learned circuit judge correctly determined that "in light of the facts, extraordinary relief is not warranted[.]"

¶15. The Majority limits its analysis to the standing issue. My concern is that, but for the exception to Mississippi Code Annotated Section 19-3-55 provided by the Disposal Act, the Board is statutorily required to "either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county . . . ."

---

[2] *See* Miss. Code Ann. § 19-3-55 (Rev. 2003).

Miss. Code Ann. § 19-3-55 (Rev. 2003). In such case, the Plaintiffs would have statutorily created standing, pursuant to Mississippi Code Annotated Section 19-3-55, to compel the Board's compliance via the procedural means of a writ of mandamus. In short, it is this exception, along with the alternative legal remedy provided by the Disposal Act, not standing, which warrants denial of the writ.

¶16. Nonetheless, I concur with the result. The Plaintiffs failed to satisfy the requirements for the issuance of the writ as provided in Mississippi Code Annotated Section 11-1-41. Therefore, their application was properly denied.

**WALLER, P.J., JOINS THIS OPINION. DICKINSON, J., JOINS THIS OPINION IN PART.**