*546
ORDER OF DISBARMENT

GEORGE C. CARLSON, JR., Presiding Justice, for the Court.
¶ 1. This case is before the Court on the formal complaint filed by the Mississippi Bar under Rule 6(c) of the Rules of Discipline for the Mississippi Bar (MRD). Attorney Michael J. Brown, who is subject to the disciplinary jurisdiction of this Court, has had entered against him a judgment in the Chancery Court for the First Judicial District of Hinds County, in which the chancellor found that Brown committed fraud, misrepresentation, dishonesty, deceit, or a willful failure to account for the money or property of a client. Proof of service of process upon Brown has been executed and filed with the Clerk of this Court. Brown has not filed a response, even though, by single-justice order from this Court entered on April 25, 2012, he was given an additional thirty days to respond. In its Formal Complaint, the Bar states that Brown is currently suspended from the practice of law in the State of Mississippi according to an Agreed Order of Suspension before a Complaint Tribunal. The Bar asks this Court to enter an order of disbarment of Brown pursuant to MRD 6(d), and to assess Brown for the costs associated with this action in accordance with MRD 27(a).
¶ 2. On February 1, 2012, the Chancery Court for the First Judicial District of Hinds County held a hearing, seeking to have Brown provide an accounting of all funds inherited by the minor Demon B. McClinton from his deceased mother, Rebecca Henry. Brown, the attorney for McClinton’s guardianship, was unwilling and unable to provide such an accounting, nor could he prove that he had deposited the funds in a federally insured bank as required by the chancellor’s order pursuant to Mississippi Code Section 93-13-17. In fact, Brown testified under oath that all files and documentation related to the guardianship were destroyed by water damage caused by leaking pipes at Brown’s Flowood office.
¶ 3. Evidence presented at the hearing established that Brown had caused $550,000 of the minor’s funds to be loaned to one Linus Shackelford. Other than the loan in question, Shackelford’s relationship *547 to Brown or McClinton is not revealed in the record. Brown also personally had signed a promissory note indicating that he personally had borrowed $507,745.81 from the minor McClinton. Further, Brown had forged two checks from Regions Bank in the sum of $205,020.81 and $32,725, respectively. Finally, Brown caused the court on September 7, 2001, to approve a fee of $398,000, which the chancellor determined to be outrageous and unreasonable, and which fee was approved based upon Brown’s commission of a fraud upon the Court.
¶ 4. Brown was held in contempt and ordered incarcerated at the Hinds County Jail until such time as he filed the required accounting to McClinton and returned all guardianship funds. At a further hearing on February 7, 2012, Brown was allowed to post a $100,000 bond payable to the guardianship, with the understanding that he would appear at a March 20, 2012, hearing with a complete accounting. He also was charged to appear at that date and show cause why he should not be further held in contempt should he be unable or unwilling to provide the accounting and/or advise why the minor’s funds were not deposited in a federally insured bank pursuant to statute. On February 8, 2012, the chancellor appointed a special master, Paul E. Rogers, to investigate and report as to the receipt, disposition, and location of any assets of the guardianship.
¶ 5. The special master executed a search warrant on Brown’s home. Despite Brown’s testimony that the files had been destroyed by water damage, the special master recovered a banker’s box labeled “McClinton” that contained all of Brown’s files and documentation related to the guardianship. The chancellor determined that Brown had committed intentional perjury by lying under oath about the fate of those files at the February 1, 2012, hearing.
¶ 6. On March 20, 2012, Brown appeared before the Court, and for the first time produced an accounting, which showed that Brown had disbursed guardianship funds from his escrow account in the amount of $1,295,783.81. Brown admitted that he never sought or obtained approval of the court for this disbursement. A review of the checks presented from Brown’s escrow account showed that approximately $235,000 in checks were written either to “cash” or to Brown and were endorsed by Brown. Brown also deposited the proceeds of Rebecca Henry’s life insurance policy in the sum of $52,747.27 into his own escrow account. Brown also admitted to proposing and facilitating the $550,000 loan to Linus Shackelford without a proper court order. The special master also determined that Brown had plagiarized an opinion letter in obtaining his $398,000 guardianship fees, and the chancellor found those fees to constitute a fraud upon the court.
¶ 7. The chancellor’s' judgment held that Brown was guilty of contempt, fraud, embezzlement, and breach of fiduciary duty— including failing to deposit any of the funds into a federally insured bank as required by court order and Mississippi Code Section 93-13-17. Brown was held responsible for $1,295,783.81 in guardianship funds, jointly liable with Shackelford for another $550,000, and liable for the unreasonable fees of $398,000 acquired through providing fraudulent information to the court. The judgment also was provided to the Bar and to the District Attorney’s Offices of Hinds and Rankin Counties.
¶ 8. This Court possesses “exclusive and inherent jurisdiction” over the discipline of attorneys under the MRD. McIntyre v. Miss. Bar, 38 So.3d 617, 623 *548 (Miss.2010). De novo review is the standard when this Court considers attorney-discipline. Miss. Bar v. Langston, 987 So.2d 986, 937 (Miss.2008). Additionally, this “Court must decide each disciplinary case on its own unique merits.” Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998). Moreover, the burden of proving, by clear and convincing evidence, that the attorney’s actions constituted professional misconduct falls upon the Bar.
¶ 9. In this case, the Bar has provided to this Court a certified copy of the final civil judgment against Brown based on clear and convincing evidence of fraud, misrepresentation, dishonesty, deceit, or willful failure to account for money or property of a client. MRD 6(c) provides that such a certified copy “shall constitute sufficient, clear and convincing evidence of the facts necessary to support such judgment, and, unless successfully rebutted, the Court shall forthwith strike the name of the attorney and order his immediate suspension from the practice of law.” MRD 6(d) provides that, once the time for appeal from the judgment or conviction has expired or all appeals have been concluded without reversal, this Court shall forthwith enter an order of disbarment.
1110. In the instant matter, Brown has failed to file any response or answer to the formal complaint against him, and, therefore, Brown has not successfully rebutted the clear and convincing evidence of the facts necessary to support the chancery court judgment entered against him. Brown’s fraud, perjury, embezzlement, and shocking abuse concerning the guardianship of a minor client render him grossly unfit to practice law in the State of Mississippi. Consequently, the Bar has met its burden to show that Brown should be disbarred immediately.
IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. Michael J. Brown is hereby DISBARRED from the practice of law in the State of Mississippi;
2. This order shall constitute notice of disbarment in this cause;
3. The Clerk of this Court shall forward an attested copy of this order to Michael J. Brown and the Executive Director of the Mississippi Bar;
4. Michael J. Brown shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment, properly disburse all funds he may hold in trust, and comply with all other requirements applicable to disbarred attorneys under Rule 11 of the Mississippi Rules of Discipline;
5. Michael J. Brown shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all his clients have been notified of his disbarment and his consequent inability to practice law in the State of Mississippi and that he has fully complied with all requirements set forth in Rule 11 of the Mississippi Rules of Discipline for the Mississippi Bar, as well as the requirements of this order;
6. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Hinds and Rankin Counties, Mississippi, and the senior judges of such courts court shall enter this order upon the minutes of their respective courts;
7. The Clerk of the Supreme Court of Mississippi shall likewise immediately forward an attested copy of this order to Clerks of the Circuit and Chancery Courts of Hinds and Rankin Counties, the Clerks of the United States District Courts for the *549 Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States; and
8. The Mississippi Bar shall have and recover of and from Michael J. Brown all of its costs and expenses of this disciplinary action.
SO ORDERED, this the 4th day of October, 2012.